LOTTIE A. ZAGAR, Plaintiff-Appellant, *v.* NATHAN M. GOMBERG, Defendant-Appellee.

First District (3rd Division)   No. 76-1170

Opinion filed November 15, 1978.

Lottie A. Zagar, of Chicago, for appellant, *pro se.*

Gomberg & Schaps, of Chicago (Steven P. Gomberg, of counsel), for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff, Lottie Zagar, appearing *pro se,* appeals from an order of the circuit court of Cook County dismissing her second amended complaint with prejudice. The sole issue on appeal concerns the legal sufficiency of the complaint.

The complaint alleged that a cause of action for fraud has a five-year statute of limitations and that her complaint was filed within the statute; that the defendant Nathan M. Gomberg committed fraud against plaintiff by preparing a false order turning over funds held by the clerk of the circuit court to Gomberg; and that the order was signed by Judge Hunter. (Plaintiff joined the judge as a defendant, and the trial court also dismissed the complaint as to the judge. Plaintiff also appealed that order,

and this court earlier granted the judge's motion to dismiss the appeal. Thus, this opinion relates only to the defendant Gomberg.) The complaint further charged that Gomberg was withdrawn as plaintiff's attorney and was not entitled to legal fees; that the order signed by the judge was void; and that plaintiff's fourteenth amendment rights were violated. The complaint sought compensatory and punitive damages, and plaintiff requested a jury trial. Plaintiff attached various documents to the complaint: plaintiff's motion for the monies held by the clerk of the court; an order signed by the judge granting Gomberg $1,525 of the amount held by the clerk; and an order of court obtained by plaintiff that Gomberg be withdrawn as her attorney.

Gomberg filed a motion to dismiss the second amended complaint. He maintained that it contained the same allegations as the first amended complaint; and that the allegations were vague, conclusory, and failed to properly plead the allegations of fraud. Plaintiff filed an affidavit in opposition which stated that the second amended complaint was supported by documents and that Gomberg was sufficiently informed of the nature of the claim he was called to meet. The trial court allowed the motion to dismiss the complaint and denied plaintiff's timely motion to vacate that order.

■■ Upon review, a court must determine whether the allegations of a complaint when interpreted in the light most favorable to the plaintiff are sufficient to set forth a cause of action upon which relief may be granted. (*J. J. Harrington & Co. v. Timmerman* (1977), 50 Ill. App. 3d 404, 365 N.E.2d 721.) A motion to dismiss admits for purposes of review such allegations of fraud as are well pleaded, but it does not admit conclusions of law, the pleader's construction of a statute, or conclusions of fact which are unsupported by allegations of specific facts upon which such conclusions rest. *Zaborowski v. Hoffman Rosner Corp.* (1976), 43 Ill. App. 3d 21, 356 N.E.2d 653; *Cain v. American National Bank & Trust Co.* (1975), 26 Ill. App. 3d 574, 325 N.E.2d 799.

■■ ■ In the present case, the allegations of plaintiff's second amended complaint, somewhat incomprehensible, consist of conclusions of both law and fact rather than material allegations of fact supporting her cause of action. She alleged throughout the complaint and in her affidavit that Gomberg had fraudulently deprived her of funds held by the court clerk, but the pleadings did not set forth the nature of her claim or the material facts upon which it is based. The complaint further charged that her constitutional rights were violated and that Gomberg was not entitled to legal fees, but the basis for these allegations also is absent. While pleadings are to be liberally construed and formal allegations are unnecessary, the well-pleaded facts must state a cause of action. (*Yale Development Co. v. Oak Park Trust & Savings Bank* (1975), 26 Ill. App.

3d 1015, 325 N.E.2d 418.) Merely alleging that the court order directing funds to Gomberg was fraudulently procured and void is insufficient. Fraud must be pleaded with specificity. (*Zaborowski v. Hoffman Rosner Corp.*) We believe that the trial court's action in dismissing the second amended complaint for failure to state a cause of action was proper.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

SIMON and McGILLICUDDY, JJ., concur.