MICHAEL BUCHALO, Plaintiff-Appellant, *v.* COUNTRY MUTUAL INSURANCE CO., Defendant-Appellee.

First District (1st Division)   No. 79-912

Opinion filed April 21, 1980.

William J. Harte, Ltd., of Chicago, for appellant.

John T. Burke, of Chicago (David O. Lehman, of counsel), for appellee.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

Michael Buchalo (plaintiff) appeals from an order dismissing with prejudice his petition to compel arbitration filed against Country Mutual Insurance Company (defendant).

The petition alleged plaintiff was injured by the negligence of a hit-and-run driver on March 27, 1976. Defendant had issued a personal vehicle policy to plaintiff. The identity of the negligent driver was never determined.

The complaint also alleged a legal conclusion that plaintiff "has complied with all terms and conditions of his policy of insurance." It alleged defendant has refused to name an arbitrator and to arbitrate. Plaintiff prayed arbitration be compelled under the Uniform Arbitration Act (Ill. Rev. Stat. 1977, ch. 10, par. 101 *et seq.*).

The policy of insurance contains this uninsured motorist endorsement by which defendant agreed:

"To pay all sums which the Insured * * * shall be legally entitled to recover as damages from the owner or operator of an Uninsured Vehicle because of bodily injury, * * * sustained by the Insured, caused by accident and arising out of the ownership, maintenance or use of such Uninsured Vehicle; provided, * * * determination as to whether the Insured or such representative is legally entitled to recover such damages, and if so the amount thereof shall be made by agreement between the Insured or such representative and the Company or, if they fail to agree, by arbitration."

Concerning arbitration, the policy provides:

"If the Insured and the Company do not agree as to the Insured's right to recover damages for such injury or as to the amount payable as damages under this Section, then each party shall, upon written demand of the Insured or upon written demand of the Company, select a competent and disinterested arbitrator. The two arbitrators so named shall select a third arbitrator, or if unable to agree thereon within thirty days, then upon the request of the Insured or the Company such third arbitrator shall be selected by a judge of a court of record in the county and state in which such arbitration is pending. The arbitrators shall then hear and determine the question or questions so in dispute, and the decision in writing of any two arbitrators shall be binding upon the Insured and the Company, * * *."

Defendant filed a motion to dismiss the petition. This motion cited the following policy provision imposing a limitation period:

"No suit, action or arbitration proceedings for the recovery of any claim under this Section shall be sustainable in any court of law or equity unless the insured shall have fully complied with all of terms of this policy, nor unless commenced within two (2) years after the occurrence of the loss."

The motion to dismiss averred plaintiff's petition was filed September 15, 1978, after expiration of the two-year period. The motion also averred plaintiff did not allege he had filed a written demand for arbitration within two years of the occurrence.

■■ This motion was properly filed under section 45 of the Civil Practice Act. (Ill. Rev. Stat. 1977, ch. 110, par. 45.) This motion admitted the properly pleaded factual allegations of the complaint (*Johnston v. City of Bloomington* (1979), 77 Ill. 2d 108, 111, 395 N.E.2d 549), but not legal conclusions stated by the pleader (*Zagar v. Gomberg* (1978), 66 Ill. App. 3d 611, 612, 384 N.E.2d 426). This motion raised an issue of law as to whether the petition for arbitration was timely filed under the policy.

But, on December 18, 1978, plaintiff filed an unverified "statement of facts." This document alleged that on April 2, 1976, defendant was

notified by plaintiff's counsel in writing of the accident and plaintiff's claim. On April 29, 1976, defendant took a written statement from plaintiff regarding the claim, and an "oral demand for arbitration" was made to defendant's claim adjuster. On July 10, 1976, plaintiff's counsel sent notice to defendant demanding arbitration but stating that arbitration would not be necessary if defendant negotiated in good faith with a view toward settlement. Negotiations were conducted by the parties until terminated by defendant.

Also on December 18, 1978, plaintiff filed his "petition in answer to defendant's motion to dismiss." This unverified document alleged plaintiff made oral demand for arbitration on April 29, 1976, to defendant's claim adjuster. It alleged that on July 10, 1976, plaintiff's counsel sent a written demand for arbitration to defendant. The document then proceeded with a legal argument raising contentions such as the uninsured motorist provision being void as against public policy. Appended to this document is an affidavit by counsel for plaintiff alleging that on April 29, 1976, at the home of plaintiff, the attorney made an oral demand for arbitration to defendant's claim adjuster. The claim adjuster "agreed the oral demand was sufficiently within the terms of the insurance policy to protect Plaintiff's claim." Appended to this document is a copy of a letter dated July 10, 1976, sent by plaintiff's counsel to defendant:

> "As we discussed recently, I believe that Mr. Buchalo's case is worth more than $100,000.00 and that we will seek to stack per the 'Glidden case'." As you advised, your principal does not believe we can stack. Therefore, I believe the best thing to do with respect to this case is to arbitrate. I will, in the future, forward you the name of our arbitrator.
>
> As long as we can negotiate this file with the view of settlement, I believe that my demand stated in this letter will comply with your policy requirements.
>
> As stated to you in previous letters, my client and I wish to comply with all your policy requirements. I suggest you contact your principal and advise me of your position."

On February 2, 1979, defendant filed a "response to plaintiff's petition." This document contained a legal argument and citation of authorities.

On February 2, 1979, defendant filed an affidavit by its claim adjuster. Affiant stated that on April 29, 1976, he was at plaintiff's home. He discussed plaintiff's injuries with trial counsel for plaintiff. Said counsel made no oral demand for arbitration and the affiant "made no such acknowledgment of same." Affiant never made any offer or promise of settlement to plaintiff or his attorney.

After a hearing, on February 21, 1979, the trial court dismissed plaintiff's suit with prejudice.

On March 6, 1979, plaintiff filed an unverified motion for reconsideration. This document cited and argued legal authorities. Appended thereto as exhibits are 13 copies of letters including the copy of the letter from plaintiff's counsel to defendant, dated July 10, 1976, above quoted. Included therein is a letter to defendant from plaintiff's counsel dated May 8, 1978, as follows:

"It has been sometime since we have written you concerning the above case.

In the intervening time, pursuant to your request, I have attempted to obtain the bills from Jackson Park Hospital. I note that there is not a date set for the arbitration of this matter. Pursuant to Section 2 of my client's insurance policy, please be advised that I herein demand arbitration on the matter and in further answer thereof, select as my arbitrator, Sheldon R. Brenner, 180 North LaSalle Street, Chicago, Illinois.

I am forwarding a copy to Mr. Brenner and instructing him to pursue the litigation as soon as possible."

On March 6, 1979, the trial court denied plaintiff's motion for reconsideration of the dismissal.

The statement of facts and the petition in answer to defendant's motion to dismiss filed by plaintiff on December 18, 1978, are legally unauthorized in conjunction with a section 45 motion. We are not aware of any provision in law which provides for or requires the filing of factual statements, responses, or petitions in response to a motion to dismiss a complaint for legal insufficiency under section 45. The same is true of defendant's response to plaintiff's petition filed February 2, 1979.

■ The difference between a motion under section 45 and a motion depending upon affidavits is fully explained in *Janes v. First Federal Savings & Loan Association* (1974), 57 Ill. 2d 398, 406, 312 N.E.2d 605. There the supreme court expressly disapproved a procedure whereby a motion to dismiss under section 45 was intermingled with a motion for summary judgment. (See also *Denton Enterprises, Inc. v. Illinois State Toll Highway Authority* (1979), 77 Ill. App. 3d 495, 497-98, 396 N.E.2d 34.) However, for the sake of completeness and for purposes of fairness, since both parties have expanded the scope of the matter beyond application of section 45, we will consider this case as a motion filed under section 48 of the Civil Practice Act.

Plaintiff's present counsel contends in this court that plaintiff's letter of July 10, 1976, filed within the limitation period of the policy, was a proper demand for arbitration as a matter of law; an issue is raised as to whether defendant should be estopped to assert policy provisions

requiring a written demand or whether said provisions were waived; and whether the above cited policy provisions are void as against public policy because they operate to deprive the plaintiff of legally required uninsured motorist coverage.

■■ We cannot find that all of the facts sought to be advanced by plaintiff here are properly before us. As above shown, a number of factual matters sought to be raised by plaintiff are in many instances not supported by affidavit. The one exception is the affidavit by former counsel for plaintiff filed December 18, 1978, regarding the alleged oral demand for arbitration. But no point was raised by defendant in the trial court or in this court regarding insufficiency of the unverified material. Consequently, although these various allegations should have been supported by affidavit (Ill. Rev. Stat. 1977, ch. 110, par. 48(1)), we conclude that the point has been waived by defendant. (See *Crowe v. Public Building Com.* (1977), 54 Ill. App. 3d 699, 701-02, 370 N.E.2d 32.) We will therefore consider each and all of the contentions raised in this court by present counsel for plaintiff despite the legal irregularities above discussed.

### I.

Regarding the sufficiency of the letter of July 10, 1976, sent to defendant by plaintiff's former counsel, plaintiff cites *Pioneer Life Insurance Co. v. Alliance Life Insurance Co.* (1940), 374 Ill. 576, 30 N.E.2d 66, to the effect that ambiguous expressions whereby an insurer seeks to limit its liability will be construed most strongly against it. We find no ambiguity in the above-quoted policy provision. It provides clearly and simply for arbitration if the parties fail to agree upon an adjustment. The language requires that each party shall "upon written demand of the insured or upon written demand of the company, select a competent and disinterested arbitrator." "An insurance policy in which no ambiguity appears is to be read as any other contract, that is, according to the plain and ordinary meaning of its terms." *Dora Township v. Indiana Insurance Co.* (1980), 78 Ill. 2d 376, 378, 400 N.E.2d 921.

In the case before us the letter of July 10, 1976, did not constitute such a demand. The letter is at best a statement of opinion by plaintiff's former counsel that he believed "the best thing to do with respect to this case is to arbitrate." The statement follows that counsel would, "in the future, forward you the name of our arbitrator." This letter does not constitute an unequivocal demand for arbitration.

The statement in the next paragraph of the letter regarding "my demand stated in this letter" throws no light upon this subject. Patently, in this context, the word "demand" refers to the amount of settlement requested by the writer of the letter. This second paragraph of the letter

refers to continued negotiations between the parties. In addition, this letter is insufficient under the policy because it fails to name the plaintiff's arbitrator. This letter is uniquely contrasted by the subsequent letter sent May 8, 1978, after expiration of the policy limit of time for the demand. In this letter, former counsel for plaintiff stated a demand for arbitration coupled with a statement of the name and address of plaintiff's arbitrator.

██ The learned trial judge carefully considered the pleadings as well as all of the other material presented by the parties. At the hearings on the original motion to dismiss and also on the motion to reconsider, he concluded the letter of July 10, 1976, could not be considered a demand for arbitration. We agree with that result.

II.

On the issue of waiver and estoppel, the policy provides:

"Notice to any agent or knowledge possessed by any agent or by any other person shall not effect a waiver or a change in any part of this policy nor estop the Company from asserting any right under the terms of this policy; nor shall the terms of this policy be waived or changed except by endorsement or a change in the Declarations issued to form a part of this policy signed by a duly authorized representative of the Company."

However, in our opinion, we need not rely upon this policy provision in reaching the conclusion that no waiver or estoppel is shown by this record. A determination of this matter is made by comparison of the affidavit of former counsel for plaintiff and the counteraffidavit of the claim adjuster for defendant. The affidavit of former counsel states he "made an oral demand for arbitration under the terms of Defendant's policy which was orally acknowledged" by the claim adjuster who in turn "agreed the oral demand was sufficiently within the terms of the insurance policy to protect Plaintiff's claim." The affidavit of the claim adjuster states he and the attorney discussed the nature and extent of the client's injuries and how the injuries occurred. Affiant also states the attorney "made no oral demand for arbitration" and affiant made no acknowledgment of any such demand.

Present counsel for plaintiff criticized the allegations in the affidavit of the claim adjuster as being conclusionary and not complying with Supreme Court Rule 191. (Ill. Rev. Stat. 1977, ch. 110A, par. 191.) However, the same objection may be raised, with even greater reason, to the affidavit of former counsel. See *Dangeles v. Marcus* (1978), 57 Ill. App. 3d 662, 668, 373 N.E.2d 645.

In the instant case, plaintiff would have the burden of proving waiver or estoppel. The evidence "must be clear, precise and unequivocal." (*Jennings v. Bituminous Casualty Corp.* (1964), 47 Ill. App. 2d 243, 249,

197 N.E.2d 513, cited in *Allstate Insurance Co. v. National Tea Co.* (1975), 25 Ill. App. 3d 449, 462, 323 N.E.2d 521, *appeal denied* (1975), 58 Ill. 2d 596.) The affidavit of the claim adjuster is a clear denial of the making of any oral demand for arbitration. In addition, if plaintiff's former counsel did in fact make an oral demand for arbitration, it was totally unnecessary to write defendant the letter dated July 10, 1976, which counsel now contends is a written demand for arbitration and then to write a second letter to defendant on May 8, 1978, which is unquestionably a written demand for arbitration in compliance with the policy.

■ We find a complete definition and discussion of the terms waiver and estoppel, together with many citations, in *Florsheim v. Travelers Indemnity Co.* (1979), 75 Ill. App. 3d 298, 303-05, 393 N.E.2d 1223. This material in the *Florsheim* opinion leads to the conclusion that neither estoppel nor waiver is operative here. The many authorities there stated convince this court that this record shows the plaintiff did not rely upon any act, conduct or nonaction of the insurer to its detriment, and the plaintiff was not in any manner misled by any acts or statements of the insurer or its agents.

## III.

The final contention of plaintiff is the two-year limitation period for filing of suit or arbitration proceedings, as expressed in the policy as above set forth, is void because it operates to deprive plaintiff of his full statutory rights for recovery against the insurer for the conduct of an uninsured motorist. It is correct, as plaintiff points out, that the pertinent statute forbids renewal or issuance of a liability policy without providing coverage in situations involving "uninsured motor vehicles and hit-and-run motor vehicles." (Ill. Rev. Stat. 1977, ch. 73, par. 755a.) The law of Illinois thus requires full protection of insured persons in this type of situation. (*Kaszeski v. Fidelity and Casualty Co.* (1973), 54 Ill. 2d 241, 246, 296 N.E.2d 743.) The remaining problem, however, is whether the limitation expressed in the policy provision here prevents full exercise by plaintiff of all of his rights under the statute.

■ Plaintiff cites and relies upon *Burgo v. Illinois Farmers Insurance Co.* (1972), 8 Ill. App. 3d 259, 290 N.E.2d 371. In *Burgo*, this court held invalid a policy limitation period of one year for the institution of arbitration proceedings concerning an uninsured motorist. The court reasoned, in view of the statute above cited, that the insurer could not legally reduce the limitation period for arbitration beyond the applicable period of limitation upon the claim itself. Since the statute in question did not mention a time limit, the usual statute of limitations should be applicable. (*Burgo*, 8 Ill. App. 3d 259, 264.) However, we find *Burgo* properly differentiated in *Coyne v. Country Mutual Insurance Co.* (1976), 39 Ill.

App. 3d 279, 349 N.E.2d 485. In *Coyne*, the court held the two-year contractual limitation regarding institution of arbitration proceedings, as in the case at bar, did not violate the pertinent statute above cited.

Plaintiff also urges the limitation period renders meaningless the statute pertaining to giving of security in case of accidents involving an uninsured motorist. (Ill. Rev. Stat. 1977, ch. 95½, par. 7—100 *et seq.*) We reject this contention. The case before us involves not the usual uninsured motorist but a hit-and-run motorist. Therefore plaintiff necessarily, and by the allegations of his own complaint, could have had no knowledge regarding financial responsibility of tortfeasor.

For these reasons the judgment appealed from is affirmed.

Judgment affirmed.

O'CONNOR and CAMPBELL, JJ., concur.