(text box: 1) NO. 5-01-0955

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

________________________________________________________________________

MARK A. HALE, )  Appeal from the

)  Circuit Court of

     Plaintiff-Appellant, )  Washington County.

)

v. )  No. 01-MR-2

)

COUNTRY MUTUAL INSURANCE )

COMPANY, )  Honorable 

)  Lloyd A. Karmeier,

     Defendant-Appellee. )  Judge, presiding.

________________________________________________________________________

JUSTICE KUEHN delivered the opinion of the court:

The plaintiff, Mark A. Hale, appeals from the trial court's November 20, 2001, order dismissing his amended complaint with prejudice on the basis that he had failed to comply with an arbitration provision contained within an insurance policy written by the defendant, Country Mutual Insurance Company.  We reverse.

Country Mutual Insurance Company (Country Mutual) issued a policy to Mark A. Hale that, in addition to other coverages, provided $100,000 in underinsured-motorist coverage.  That policy was in effect on April 11, 1997, when Hale was in a motor vehicle accident resulting from the negligence of a man named Earl Raymond.  Earl Raymond was insured by Allstate Insurance Company with $50,000 in liability coverage.  Country Mutual's policy provision at issue in this case is as follows:

"Legal Action Against Us: No suit, action[,] or arbitration proceedings for recovery of any claim may be brought against us until the insured has fully complied with all the terms of this policy.  Further, any suit, action, or arbitration will be barred unless commenced within 2 years after the date of the accident.  Arbitration proceedings will not commence until we receive your written demand for arbitration."

On March 22, 1999, Hale's attorney sent a letter to Country Mutual stating the following:

"I have been retained to represent your insured, Mark Hale, for injuries sustained in a motor vehicle accident on April 11, 1997.  It appears that we have an underinsured claim.  At this time I ask that you disclose the underinsured motorist and medical payments policy limits of Mr. Hale."

More than four months later, Country Mutual responded to this notification.  In its August 4, 1999, letter to Hale's attorney, Country Mutual assigned his claim an internal number and included an "Underinsured Motorist Notice of Claim" form.  Country Mutual asked Hale's attorney to complete and return this form.  On August 13, 1999, Hale's attorney sent the completed form to Country Mutual.  

Receipt of the claim form and its contents apparently triggered some sort of a review process at Country Mutual, because on August 27, 1999, a liability specialist employed by Country Mutual wrote to Hale's attorney and stated that the file had been assigned to him.  He advised that Country Mutual was denying coverage because arbitration had not been demanded on or before April 11, 1999.  

Hale filed a declaratory judgment action against Country Mutual.  The action sought to have the trial court determine that his underinsured-motorist claim was timely made.  Country Mutual sought to dismiss the complaint on the basis that Mark Hale had not complied with the limitations clause of its policy by expressly demanding arbitration.  The trial court eventually granted this motion but granted Hale leave to file an amended complaint.  The amended complaint contained a second count alleging damages for Country Mutual's breach of duty of good faith and fair dealing.  Country Mutual again sought to have the complaint dismissed, pursuant to sections 2-615 and 2-619 of the Code of Civil Procedure (735 ILCS 5/2-615, 2-619 (West 2000)).  On November 20, 2001, the trial court entered its order dismissing Hale's amended complaint with prejudice.

When the trial court is presented with a motion to dismiss a case for the failure to state a cause of action pursuant to section 2-615 of the Code of Civil Procedure, the court must determine whether the complaint sets forth sufficient facts that, if established, could entitle the plaintiff to relief.  
Bryson v. News America Publications, Inc.
, 174 Ill. 2d 77, 86, 672 N.E.2d 1207, 1214 (1996).  The trial court must accept all well-pleaded facts in the complaint as true and draw reasonable inferences from those facts that are favorable to the plaintiff.  
Bryson
, 174 Ill. 2d at 86, 672 N.E.2d at 1213.  On appeal from a trial court's involuntary dismissal of a complaint pursuant to section 2-619 of the Code of Civil Procedure, we must determine "whether the existence of a genuine issue of material fact should have precluded the dismissal or, absent such an issue of fact, whether dismissal is proper as a matter of law."  
Doyle v. Holy Cross Hospital
, 186 Ill. 2d 104, 109-10, 708 N.E.2d 1140, 1144 (1999).  In both situations, because the trial court was not called upon to judge any witness's credibility or weigh facts, we review the matter 
de novo
 on appeal.  
Jackson v. Michael Reese Hospital & Medical Center
, 294 Ill. App. 3d 1, 9, 689 N.E.2d 205, 211 (1997); 
In re Estate of Mayfield
, 288 Ill. App. 3d 534, 542, 680 N.E.2d 784, 789 (1997).

We start with the language utilized by Country Mutual in its policy.  The language has been challenged over the years and has consistently been upheld.  The language is not contrary to public policy, and it is clear and unambiguous.  See 
Buchalo v. Country Mutual Insurance Co.
, 83 Ill. App. 3d 1040, 404 N.E.2d 473 (1980); 
Coyne v. Country Mutual Insurance Co.
, 39 Ill. App. 3d 279, 349 N.E.2d 485 (1976); 
Shelton v. Country Mutual Insurance Co.
, 161 Ill. App. 3d 652, 515 N.E.2d 235 (1987).  

Whether or not Hale was "underinsured" could not be determined until the underlying liability case was resolved by settlement or judgment.  However, Country Mutual's policy language does not require a demand for arbitration within two years of the "loss," as would require a different construction.  See 
McCray v. Merit Insurance Co.
, 233 Ill. App. 3d 36, 598 N.E.2d 366 (1992); 
Whiting v. Prestige Casualty Co.
, 238 Ill. App. 3d 376, 606 N.E.2d 397 (1992).  Because Country Mutual's policy contained the word "accident" as the limiting occurrence, we must determine whether Hale sought arbitration within two years of the accident.

Did Hale's attorney's letter constitute an unequivocal demand for arbitration?  If the test requires precise verbiage, then his letter would surely fail.  His attorney's letter merely indicated that he had an underinsured-motorist claim.  Hale's attorney could not possibly know for certain whether he had such a claim, because at the time of the writing the underlying liability suit had not been concluded.  

This contractual limitations period is not unlike a statutory limitations period in that their purposes are identical.  A limitations period requires necessary litigation to be brought within such time so that the facts of the case can still be established with the utmost certainty before that proof becomes stale or completely lost.  
Leitch v. New York Central R.R. Co.
, 388 Ill. 236, 245, 58 N.E.2d 16, 20 (1944).  Similarly, the insurance company requires notification of a claim in a timely fashion.  Its ability to defend the claim would be greatly diminished if there was no time frame in which such claims had to be filed or be barred.

Keeping this notification purpose in mind, we address the facts of this case.  In the absence of a settlement agreement between Country Mutual and its insured, arbitration is the only means by which the insured could collect underinsured-motorist benefits.  The policy required arbitration proceedings to be commenced within two years of the accident date.  The policy further stated that the arbitration process would begin when the insured demanded arbitration in writing. 

The language utilized by Hale's attorney was not perfect but served the purpose of notifying Country Mutual of the underinsured-motorist claim.  Country Mutual obviously received this notification, because it acknowledged the letter by sending Hale's attorney an underinsured-motorist claim form.  By establishing a claim number, setting up its file, and sending out the claim form, Country Mutual invoked its claim-handling process.  We do not mean to imply that Country Mutual's act of sending out the form resulted in an estoppel.  The act of sending out the claim form does not fit the factual scenario seen in estoppel cases.  However, Country Mutual's actions do acknowledge notification–the purpose of the contractual limitations period at issue.

Because there is no way for an insured to make an underinsured-motorist claim absent an arbitration proceeding, we conclude that timely notification of a claim is sufficient.  Because arbitration is the formal means by which the underinsured individual can recover from his or her own company, notification of the claim serves as notice of an impending arbitration.  The purpose of the limitations clause is notification–not a trap for insureds failing to use the precise wording suggested by the insurer.  To hold otherwise would mean that with every minor claim, the attorney would need to formally request arbitration or fear malpractice for failing to do so.  The insurance industry could not desire that outcome because its companies would be inundated with premature arbitration demands.  Use of the exact words should not dictate coverage or lack thereof.  The form of filing an underinsured-motorist claim, which necessitates an arbitration demand, should not dictate the substance of the request.  To the extent that other cases are contrary to our holding, we disagree with those cases. 

Because of our holding on this issue, we do not reach the issues of estoppel and Country Mutual's history of dealings with other insureds, also raised by Hale on appeal.

For the foregoing reasons, the judgment of the circuit court of Washington County is hereby reversed.

Reversed.

MAAG, P.J., and CHAPMAN, J., concur.

                                      NO. 5-01-0955

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

___________________________________________________________________________________

MARK A. HALE, )  Appeal from the

)  Circuit Court of

     Plaintiff-Appellant, )  Washington County.

)

v. )  No. 01-MR-2

)

COUNTRY MUTUAL INSURANCE )

COMPANY, )  Honorable 

)  Lloyd A. Karmeier,

     Defendant-Appellee. )  Judge, presiding.

___________________________________________________________________________________

Opinion Filed
: October 16, 2002

___________________________________________________________________________________

Justices
: Honorable Clyde L. Kuehn, J.

Honorable Gordon E. Maag, P.J., and

Honorable Melissa A. Chapman, J.,

Concur

___________________________________________________________________________________

Attorney
 John D. Alleman, Alleman & Hicks, 310 East Main Street, Carbondale, IL 62901

for
 

Appellant
 

___________________________________________________________________________________

Attorneys
 Stephen C. Mudge, Dominique N. Beggs, Reed, Armstrong, Gorman, Mudge &

for
 Morrissey, P.C., 115 N. Buchanan Street, Edwardsville, IL 62025

Appellee
 

___________________________________________________________________________________

COMMENTS AND ANNOTATIONS
Text Box 1:

TEXT BOXES
NOTICE

Decision filed 10/16/02.  The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.