**SIXTH DIVISION**
March 4, 2011

No. 1-10-0764

| | | |
|---|---|---|
| LAUREN REIN, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 09 CH 22568 |
| | ) | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE | ) | |
| COMPANY, | ) | The Honorable |
| | ) | LeRoy K. Martin, |
| Defendant-Appellee. | ) | Judge Presiding. |

PRESIDING JUSTICE GARCIA delivered the judgment of the court, with opinion.

Justices McBride and R.E. Gordon concurred in the judgment and opinion.

## OPINION

The circuit court granted summary judgment to defendant State Farm Mutual Automobile Insurance Company in plaintiff Lauren Rein's declaratory action seeking a judgment that she was entitled to insurance coverage following an injury-causing, hit-and-run accident. The circuit court held Rein's action was barred by State Farm's automobile policy provision requiring any arbitration or suit seeking uninsured motorist coverage be "commenced within two years after the date of the accident." Rein asserts her letter to State Farm sent six days before the two-year period expired, which stated her "intention to pursue an Uninsured/Underinsured Motorist Claim," timely commenced the

No. 1-10-0764

arbitration proceedings based on the appellate court's most recent decision from the Fifth District interpreting a similar automobile policy provision.

We decline to follow the Fifth District case. Instead, we follow two older First District cases that rejected a similar contention by an insured that the arbitration process was timely commenced based on a letter sent by the insured's attorney that did not expressly request arbitration or disclose an arbitrator on the insured's behalf within two years of the accident as required by the express terms of the automobile insurance policy. Consequently, we affirm.

BACKGROUND

On April 5, 2007, Rein was injured in a hit-and-run, two-vehicle accident where the other driver was never identified. Rein was insured by a State Farm automobile insurance policy that provided coverage for bodily injury caused by the driver of an uninsured vehicle, including a " 'hit-and-run' land motor vehicle whose owner or driver remains unknown." On March 30, 2009, Rein's counsel gave notice to State Farm via facsimile and certified mail stating that he represented Rein with regard to her auto accident. No prior contact between Rein and State Farm regarding the accident is disclosed in the record. Counsel's letter stated in pertinent part:

"YOU ARE HEREBY NOTIFIED that it is our intention to pursue an Uninsured/Underinsured

2

Motorist Claim against State Farm Insurance

under the above-captioned policy on behalf of

Laura A. Rein.

Please open a claim file on this matter.

Upon receipt of this letter, please

contact the undersigned so we may discuss the

matter in greater detail."

State Farm received the facsimile on March 30, 2009, and the certified letter on April 2, 2009. State Farm denied Rein's claim some time thereafter. Rein's letter made no mention of arbitration.

Rein filed a declaratory action on July 9, 2009, to compel State Farm to arbitrate her uninsured motorist claim.

On December 1, 2009, State Farm moved for summary judgment pursuant to section 2-1005 of the Code of Civil Procedure (735 ILCS 5/2-1005 (West 2008)) contending Rein was barred from seeking arbitration by an express provision of the policy: "Under the uninsured motor vehicle coverages, any arbitration or suit against us will be barred unless commenced within two years after the date of the accident." State Farm argued Rein's letter did not "commence" arbitration within two years of the accident consistent with interpretations of similar limitations provisions by two First District cases: *Buchalo v. Country Mutual Insurance Co.*, 83 Ill. App. 3d 1040, 404 N.E.2d 473 (1980), *and Shelton v. Country Mutual Insurance Co.*, 161 Ill. App. 3d 652, 515 N.E.2d

235 (1987).

Rein responded there is only one appellate court and the Fifth District case of *Hale v. Country Mutual Insurance Co.*, 334 Ill. App. 3d 751, 778 N.E.2d 721 (2002), as the most recent explication on the issue, was controlling. Quoting *Hale*, Rein conceded her counsel's letter was "not perfect" but her implied intent to commence arbitration was sufficient. *Hale*, 334 Ill. App. 3d at 755.

State Farm urged the circuit court to disregard *Hale*, which gave a broader interpretation than *Buchalo* and *Shelton* to a similar limitations provision.

At oral arguments on the motion, Judge LeRoy K. Martin did not disagree with Rein's broad claim that a circuit court sitting in the First District was bound by all appellate court decisions regardless of the district. However, Judge Martin concluded that *Hale* conflicted with *Buchalo* and *Shelton*, which, as First District cases, he was bound to follow. Judge Martin granted summary judgment to State Farm.

This timely appeal followed.

### ANALYSIS

Summary judgment is warranted when " 'the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' " *Arangold Corp. v. Zehnder*, 204 Ill. 2d

4

No. 1-10-0764

142, 146, 787 N.E.2d 786 (2003) (quoting 735 ILCS 5/2-1005(c) (West 2000)). We review the grant of summary judgment *de novo*. *Arangold*, 204 Ill. 2d at 146. We construe *de novo* provisions of an insurance policy. *American Service Insurance Co. v. Pasalka*, 363 Ill. App. 3d 385, 842 N.E.2d 1219 (2006).

Rein raises three arguments to reverse the circuit court's grant of summary judgment: (1) there exists no conflict in First and Fifth District jurisprudence: *Buchalo* and *Shelton* are distinguishable and *Hale* is controlling; (2) her counsel's letter "commenced" arbitration as it constituted the "first step" in the arbitration process; and (3) a strict interpretation of the policy's limitations provision contravenes public policy.

State Farm counters the policy's limitations provision is valid; Rein's letter cannot reasonably be read as "commencing" arbitration; and the circuit court correctly followed *Buchalo* and *Shelton*, which conflict with *Hale*.

We begin with Rein's public policy argument.

Public Policy

In her main brief, Rein cites *Pasalka* as the only authority for her claim. In *Pasalka*, the insurance company sought to apply its two-year limitations provision to uninsured motorist claims that its insureds were forced to file after the insurance company for the other drivers became insolvent. The insurance company for the each of the other drivers became insolvent more than two years after the accident. *Pasalka*, 363 Ill. App. 3d at 387.

5

No. 1-10-0764

Ultimately, we held that the application of the two-year limitations period under those facts violated public policy because "this state requires that an uninsured motorist provision be written into every auto insurance policy." *Pasalka*, 363 Ill. App. 3d at 387. We did not hold that the limitations provision itself was against public policy, but its application under the particular facts of *Pasalka* made the state-mandated protection "illusory," which contravened public policy. *Pasalka*, 363 Ill. App. 3d at 387, 394.

We find no authority for Rein's actual contention that the two-year limitations provision in State Farm's policy itself contravenes public policy. *Hale,* a case Rein contends we should follow, expressly rejected an identical claim. An insurance policy's two-year limitations provision is "not contrary to public policy ***." *Hale*, 334 Ill. App. 3d at 754 (citing *Buchalo*, 83 Ill. App. 3d 1040, *Coyne v. Country Mutual Insurance Co.*, 39 Ill. App. 3d 279, 349 N.E.2d 485 (1976), and *Shelton*, 161 Ill. App. 3d 652). We are unpersuaded that a different result should obtain here.

*Buchalo* and *Shelton* Are Not Distinguishable

The parties agree on one point: if *Buchalo* and *Shelton* cannot be distinguished, then they conflict with the holding in *Hale*. In that event, Rein argues we should follow *Hale*; State Farm contends *Buchalo* and *Shelton* are the better reasoned decisions. All three cases are very similar to the case at bar.

6

In *Buchalo*, as here, the insured was injured by a hit-and-run driver that was never identified. *Buchalo*, 83 Ill. App. 3d at 1041. The insurance policy provided " 'No *** arbitration proceedings *** shall be sustainable *** unless commenced within two (2) years after the occurrence of the loss.' " *Buchalo*, 83 Ill. App. 3d at 1042. To commence arbitration proceedings under the policy, " 'each party shall, upon written demand of the Insured or upon written demand of the [insurance] Company, select *** [an] arbitrator.' " *Buchalo*, 83 Ill. App. 3d at 1042. Less than four months after the injury, the insured's counsel sent a letter to the insurer stating, " 'I believe the best thing to do with respect to this case is to arbitrate. I will, in the future, forward you the name of our arbitrator.' " *Buchalo*, 83 Ill. App. 3d at 1043. The insured took no further action within the two-year period. *Buchalo*, 83 Ill. App. 3d at 1044. This court held the insured's "letter does not constitute an unequivocal demand for arbitration." *Buchalo*, 83 Ill. App. 3d at 1045. We found the letter "insufficient under the policy because it fails to name the plaintiff's arbitrator." *Buchalo*, 83 Ill. App. 3d at 1046. We affirmed the circuit court's dismissal of the insured's petition to compel arbitration. *Buchalo*, 83 Ill. App. 3d at 1048.

In *Shelton*, the plaintiff-insured was injured by an underinsured driver. *Shelton*, 161 Ill. App. 3d at 654. The plaintiff's automobile insurance policy required the insured to

7

commence " 'suit, action or arbitration *** within two years after the date of the accident.' " *Shelton*, 161 Ill. App. 3d at 655. About 18 months after the accident, plaintiff's counsel mailed a " 'Notice of Attorney's Lien' " to the insurer asserting that the insured had hired an attorney "to prosecute her claim for underinsured motorist benefits *** and that he now claimed a lien therefor." *Shelton*, 161 Ill. App. 3d at 654. The plaintiff took no further action before the expiration of the two-year limitations period. *Shelton*, 161 Ill. App. 3d at 654. When her claim was denied, the insured filed suit to pursue underinsured motorist benefits. *Shelton*, 161 Ill. App. 3d at 654. The circuit court dismissed the insured's action as untimely; we affirmed the dismissal because the arbitration process was not commenced within two years following the accident. *Shelton*, 161 Ill. App. 3d at 662-63.

Rein writes that *Buchalo* and *Shelton* are distinguishable. "*Buchalo* involved a policy which required that 'each party shall "upon written demand of the insured or upon written demand of the company, select a competent and disinterested arbitrator" ' within the two year limitations period in the policy." According to Rein, because no "written request" for arbitration is required by the State Farm provision, *Buchalo* is distinguishable. *Shelton* is distinguishable because the issue before us was waived in that case. "[T]he insurance company was 'not afforded to submit evidence or argument as to whether the notice of attorney's lien

8

constituted valid notice and since the insured did not present the issue in the trial court, it was 'not properly before' the appellate court and hence was waived." We do not agree that the distinctions of *Buchalo* and *Shelton* offered by Rein are meaningful.

While the State Farm policy in this case requires only a "request" for arbitration, unlike the "written demand" for arbitration required in the policy before the *Buchalo* court, similar to the policy in *Buchalo*, the State Farm policy here required the insured to name an arbitrator in the request for arbitration: "If the insured requests arbitration, each party to the dispute shall select an arbitrator." Rein's failure to "select an arbitrator" in her letter places her case within the ruling in *Buchalo*. The insured's letter in *Buchalo* was insufficient on two grounds: no unequivocal demand for arbitration was made and it "fail[ed] to name the plaintiff's arbitrator." *Buchalo*, 83 Ill. App. 3d at 1046.

Nor does the language Rein quotes from *Shelton* distinguish it from this case. The language applied only to the "tolling" argument the insured in *Shelton* asserted. *Shelton*, 161 Ill. App. 3d at 662. While the tolling argument was forfeited because it was not raised before the circuit court, the *Shelton* court observed, "we seriously doubt that there is any equation between a notice of attorney's lien and a 'proof of loss' [that might well have tolled the running of the limitations period]."

9

No. 1-10-0764

*Shelton*, 161 Ill. App. 3d at 663. In any event, Rein does not assert a "tolling" argument before us, which makes the quoted language inapposite. Rein nonetheless contends she preserved the issue of the "adequacy and timeliness of notification" in the proceedings below and her letter was not a mere notice of attorney's lien as in *Shelton*, but "specifically mention[ed] that Plaintiff was seeking uninsured motorist benefits within the two years." Though the adequacy and timeliness of her letter were raised below, preservation of the issue adds no merit to the adequacy of the letter and the different nature of her letter does not distinguish her case from *Shelton*.

We find *Buchalo* and *Shelton* indistinguishable from the case before us. Each stands for the proposition that the requirements in the limitations provision of an insurance policy will be upheld. Under *Buchalo*, to commence arbitration proceedings, an insured's letter must make an unequivocal demand for arbitration and name the arbitrator on behalf of the insured consistent with the policy's provision. *Buchalo*, 83 Ill. App. 3d at 1045. Under *Shelton*, a policy's two-year limitations period to commence arbitration is binding on the insured. *Shelton*, 161 Ill. App. 3d at 655. In other words, for an insured's letter to commence the arbitration process, it must satisfy the express terms of the limitations provision of the insurance contract. This requirement is compelled by the well-established rule that a clear and unambiguous insurance policy provision is applied "

10

'according to the plain and ordinary meaning of its terms.' "
*Shelton*, 161 Ill. App. 3d at 655 (quoting *Dora Township v.
Indiana Insurance Co.*, 78 Ill. 2d 376, 378, 400 N.E.2d 921
(1980)); *Buchalo*, 83 Ill. App. 3d at 1045 (citing *Dora Township,*
78 Ill. 2d at 378).

Conflict with <em>Hale</em>

Even without the guidance of *Buchalo* and *Shelton*, and the
authorities cited therein, we are unpersuaded by the reasoning in
*Hale* that the bar in the limitations provision of the State Farm
policy may be avoided by a letter such as Rein's.

As in *Shelton*, the insured in *Hale* was injured by an
underinsured motorist. *Hale*, 334 Ill. App. 3d at 752. The
automobile insurance policy contained a two-year limitations
provision. *Hale*, 334 Ill. App. 3d at 752-53. The policy
provided: " 'Arbitration proceedings will not commence until we
receive your written demand for arbitration.' " *Hale*, 334 Ill.
App. 3d at 753. Within two years of the accident, the insured's
attorney sent a letter to the insurer stating that he had been
retained to represent the insured and, essential to the *Hale*
court's holding, that " '[i]t appears that we have an
underinsured claim.' " *Hale*, 334 Ill. App. 3d at 753. The
insurance company denied coverage because no timely demand for
arbitration was made. The circuit court dismissed as time-barred
the insured's action seeking a declaration that the underinsured
claim was timely made. *Hale*, 334 Ill. App. 3d at 753. The Fifth

No. 1-10-0764

District reversed.

The *Hale* court found "[t]he language utilized by [the insured's] attorney was not perfect but served the purpose of notifying [the insurer] of the underinsured-motorist claim." *Hale*, 334 Ill. App. 3d at 755. It held the "timely notification of a claim is sufficient." *Hale*, 334 Ill. App. 3d at 755. "To hold otherwise would mean that with every minor claim, the attorney would need to formally request arbitration or fear malpractice for failing to do so. The insurance industry could not desire that outcome because its companies would be inundated with premature arbitration demands." *Hale*, 334 Ill. App. 3d at 755.

Because the underlying action against the underinsured motorist remained unresolved at the two-year anniversary of the accident, the *Hale* court reasoned: the insured's "attorney could not possibly know for certain whether he had [an underinsured motorist] claim, because at the time of the [letter] writing the underlying liability suit had not been concluded." *Hale*, 334 Ill. App. 3d at 754. Thus, without knowing whether the underinsured driver was liable, the insured's counsel in *Hale* could not reasonably be expected to demand arbitration on the insured's underinsured motorist coverage, which served as the insured's only avenue to resolve an underinsured claim. *Hale*, 334 Ill. App. 3d at 755. Thus, the court found the insured's letter of notice of an underinsured motorist claim sent within

12

two years of the accident constituted a timely written demand for arbitration. *Hale*, 334 Ill. App. 3d at 755. Without identifying or discussing contrary cases, the court declared, "To the extent that other cases are contrary to our holding, we disagree with those cases." *Hale*, 334 Ill. App. 3d at 755.

Our disagreement with *Hale* is two-fold.

First, the *Hale* court appeared to hold that "notice" of an underinsured claim could serve as a "demand" for arbitration under the limitations provision. We disagree with the suggestion that the purpose behind a limitations provision is to require that notice be given. We are aware of no other authority that holds mere notice may somehow satisfy an express limitations provision of an insurance contract. Where a limitations provision requires explicit action by the insured to avoid the two-year bar, we are unconvinced that notice equates with explicit action. The dispositive question is whether the insured has commenced "suit, action or arbitration" within two years of the accident. The answer lies in the clear and unambiguous language of the limitations provision declaring what must be done to comply with that provision.

"[I]t is a well-settled precept of Illinois law that because the primary objective in interpreting the provisions of an insurance policy is to give effect to the parties' intentions, where a policy provision is clear and unambiguous, its language must be taken in its plain, ordinary and popular sense."

13

*Travelers Insurance Co. v. Eljer Manufacturing*, *Inc*., 197 Ill. 2d 278, 303, 757 N.E.2d 481 (2001).  Thus, compliance with a limitations provision of an insurance contract, written in clear and unambiguous language, is the only means to avoid the two-year bar.  We are unpersuaded that mere notice of an underinsured claim is sufficient when the limitations provision requires "a written demand (or request) for arbitration."

If mere notification of a claim were sufficient to preserve an underinsured or uninsured motorist claim, an insured could simply notify the insurer it has such a claim and delay indefinitely naming an arbitrator on the insured's behalf.  Stale claims would result, the avoidance of which the *Hale* court itself recognized was an aim of a limitations provision: "A limitations period requires necessary litigation to be brought within such time so that the facts of the case can still be established with the utmost certainty before that proof becomes stale or completely lost."  *Hale*, 334 Ill. App. 3d at 754.  To avoid stale claims, arbitration must be commenced within two years of an accident involving an underinsured or uninsured motorist claim.  To commence arbitration, an insured must comply with the requirements in the policy's limitations provision; that is, an insured must make an "unequivocal demand for arbitration" *(Buchalo*, 83 Ill. App. 3d at 1045) and "name the [insured]'s arbitrator" (*Buchalo*, 83 Ill. App. 3d at 1046) as the State Farm policy before us requires.

14

Second, *Hale*'s concern over inundating insurance companies "with premature arbitration demands" is misplaced. *Hale*, 334 Ill. App. 3d at 755. We see no reason to concern ourselves with a burden the insurance companies chose to impose upon themselves. *Cf*. *Pasalka*, 363 Ill. App. 3d at 393 (in rejecting the insurance company's appeal, we noted "[the insurance company's] suggestion would place a burden on policyholders and their counsel to file numerous unnecessary and questionable claims"). To the extent "premature arbitration demands" become a burden on insurance companies based on the holdings in *Buchalo*, *Shelton*, and the instant case, we rest assured that insurance companies will either modify the provisions of their policies to ameliorate that burden or learn to live with those demands as apparently they have since *Buchalo* was decided in 1980. In any event, we cannot agree that the possibility insurance companies may face a high number of "premature arbitration demands" means that we can ignore a clear and unambiguous limitations provision in an insurance contract that imposes certain requirements on an insured. See *Pasalka*, 363 Ill. App. 3d at 393 ("We have no quarrel with an insurer's right to limit its exposure").

We decline to follow *Hale* as Rein urges.

### Counsel's Letter

Rein's letter did not constitute the "first step" in the arbitration process as she claims. Rein's letter did not mention arbitration. Nor can we agree that Rein's letter may reasonably

15

be understood to request arbitration "implicitly." Even if such a reading were reasonable, the State Farm policy also required that within two years of the accident an arbitrator be selected by Rein to commence the arbitration process. No plausible claim can be made that her selection of an arbitrator was implicitly and timely made based on the contents of her letter.

### Single Appellate Court

We briefly address Rein's claim that the circuit court below was required to follow *Hale* based on a holding from our supreme court: "[I]t is 'fundamental in Illinois that the decisions of an appellate court are binding on all circuit courts regardless of locale.' [Citation.] The notion that circuit courts are bound only by the appellate court decisions from their own district is a relic of the pre-1964 Illinois Constitution of 1870 and has been expressly disavowed by our court." *Bryant v. Board of Election Commissioners*, 224 Ill. 2d 473, 479, 778 N.E.2d 721 (2007) (quoting *People v. Harris*, 123 Ill. 2d 113, 128, 526 N.E.2d 335 (1988)).

However, the cited rule applies only when no conflict in appellate court districts exist. "[W]hen conflicts arise amongst the districts, the circuit court is bound by the decisions of the appellate court of the district in which it sits." *Aleckson v. Village of Round Lake Park*, 176 Ill. 2d 82, 92, 679 N.E.2d 1224 (1997); *Bryant*, 224 Ill. 2d at 478.

The circuit court correctly ruled that it was bound by

16

No. 1-10-0764

*Buchalo* and *Shelton*, which are indistinguishable from the case at bar.

CONCLUSION

The circuit court properly entered summary judgment in favor of State Farm and against its insured Lauren Rein in her declaratory judgment suit to compel arbitration of her uninsured motorist claim because the arbitration process was not commenced within two years following the accident. Rein's letter, sent six days before the expiration of the two-year period, failed to expressly "request" arbitration and did not "select" an arbitrator on Rein's behalf as required by the limitations provision of the State Farm policy.

Affirmed.

# REPORTER OF DECISIONS - ILLINOIS APPELLATE COURT

**LAUREN REIN,**
**Plaintiff-Appellant,**

**v.**

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,**
**Defendant-Appellee.**

### No. 1-10-0764

**Appellate Court of Illinois**
**First District, Sixth Division**

**Filed: March 4 , 2011**

**PRESIDING JUSTICE GARCIA delivered the opinion of the court.**
**McBRIDE and R.E. GORDON, JJ., concur.**

**Appeal from the Circuit Court of Cook County**
**Honorable LeRoy K. Martin, Judge Presiding.**

| | |
|---|---|
| **For PLAINTIFF-APPELLANT** | **John S. Xydakis, P.C.**<br>**7518 W. Madison Street, Suite 200**<br>**Forest Park, Illinois 60130** |
| **For DEFENDANT-APPELLEE** | **John R. Adams**<br>**Taylor Miller LLC**<br>**33 North LaSalle Street, Suite 2222**<br>**Chicago, Illinois 60602** |