2026 IL App (1st) 251218-U

No. 1-25-1218

Order filed March 31, 2026

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| UNITED EQUITABLE INSURANCE COMPANY, | ) | |
| | ) | Appeal from the |
| Plaintiff-Appellant, | ) | Circuit Court of |
| | ) | Cook County |
| v. | ) | |
| | ) | No. 23 CH 06508 |
| PAMELA WEBB, MARLOW WEBB, and FANTASIA DUNLAP, | ) | |
| | ) | Honorable |
| | ) | Eve M. Reilly, |
| Defendants-Appellees. | ) | Judge Presiding. |
| | ) | |

_____

PRESIDING JUSTICE NAVARRO delivered the judgment of the court.
Justices Ocasio and Quish concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Circuit court properly entered judgment in favor of insureds on United Equitable Insurance's declaratory judgment action.

¶ 2    This appeal stems from the circuit court's entry of judgment in favor of defendants Pamela

Webb (Webb), Marlow Webb, and Fantasia Dunlap, and against plaintiff United Equitable

Insurance Company (United), on United's declaratory judgment action seeking a finding of no coverage. For the following reasons, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4      On November 20, 2019, defendants were at a stop light in Webb's car when they were rear-ended by another vehicle in Chicago, Illinois. Webb, the driver and owner of the vehicle that was rear-ended, made a claim to her insurance company, United, on December 2, 2019, for injuries she sustained. Webb provided a statement to United indicating that after her vehicle was rear-ended, the other driver fled the scene. She stated that the police responded to the accident and she was then transported to the hospital where she was kept overnight. She stated that she and one passenger sustained several injuries.

¶ 5      The record contains a denial letter from United, dated December 6, 2019, denying coverage based on Webb's alleged failure to give "full and complete information on your application and/or renewal" by failing to disclose a member of the household on the insurance policy.

¶ 6      On January 16, 2020, counsel for defendants sent a letter to United indicating that he was representing the interests of defendants, relative to injuries sustained in the automobile accident in question.

¶ 7      On October 29, 2021, counsel for defendants sent another letter to United stating that the accident appeared to be the fault of an uninsured driver, and that the claim was for damages under the "Uninsured Motorist Coverage" portion of the insurance policy. The letter also stated, "please accept this correspondence as our formal demand for arbitration of this uninsured motorist coverage claim under the policy."

¶ 8      United then filed a declaratory judgment action in the circuit court against defendants, alleging that arbitration had not commenced within two years of the accident, as required by the

uninsured motorist portion of the insurance policy, and therefore the limitations provision of the policy barred coverage.

¶ 9      At the time of the accident, Webb's policy with United had a provision providing coverage in case of an accident with an uninsured motorist. That provision stated in part:

> "Upon the insured or [United] requesting arbitration, the insured and [United] shall each select an arbitrator and the two arbitrators so named shall select a third arbitrator. The three arbitrators so selected shall hear and determine the questions in dispute. If such arbitrators are not selected within 45 days from such request, either party may request that the arbitration be submitted to the American Arbitration Association."

¶ 10     The insurance policy further provided that "[i]n no event shall suit, arbitration or appraisal be commenced against [United] more than two years after the date of the accident."

¶ 11     United also claimed in its declaratory judgment action that defendants had not preserved their vehicle or presented it for inspection, and therefore there was no evidence of damage to the vehicle, barring them from coverage. Defendants filed an answer.

¶ 12     United then filed a motion for summary judgment arguing that defendants were time-barred from recovery, and that because there was no evidence of damage to the vehicle in question, they could not make a "hit-and-run" claim.

¶ 13     Defendants filed a response brief in opposition to United's motion for summary judgment, arguing that their counsel's October 2021 letter requesting arbitration was all that was required to "commence" arbitration under the policy, and that they did not have to name an arbitrator at that time. They also noted that the insurance policy did not require evidence of a damaged vehicle, but

rather that the vehicle was hit and that bodily harm was caused to an insured, which was proven by the police report.

¶ 14    A hearing was held on the motion for summary judgment, at which both parties argued the issue of whether arbitration had been "commenced" within two years. The court denied United's motion for summary judgment, finding that defendants "complied with the demand for arbitration under the policy." It noted that defendants did not move for any relief.

¶ 15    United then filed a second motion for summary judgment, noting that defendants did not file a cross-motion for summary judgment, and therefore there was not a final and appealable order. Defendants filed a motion in opposition to the second motion for summary judgment, asking the circuit court to again deny the motion.

¶ 16    The court, in a written order, stated "[t]his matter should have been resolved on the prior motion for summary judgment because the Court found there were no genuine issues of material fact in dispute and found as a matter of law in favor of Defendants." It noted, however, that it was United's motion and defendants had failed to move for any relief, so that despite the court's prior ruling, the case was not resolved at that time. The court again denied the motion and entered judgment in favor of defendants. United now appeals.

¶ 17                                    II. ANALYSIS

¶ 18    On appeal, United contends that commencement of arbitration requires selection of an arbitrator in conjunction with making a request for arbitration, and because defendants did not select an arbitrator within two years of the accident, the claim was time-barred. United alternatively contends that coverage should be denied because there was no evidence of damage to Webb's vehicle, an essential element of a hit-and-run claim. Defendants maintain that they commenced arbitration within two years of the accident by requesting arbitration in a letter, and there was no

requirement to name an arbitrator at that time. They also maintain that there was no requirement to prove damage to their vehicle in making their hit-and-run claim. For the following reasons, we find that the circuit court properly found in favor of defendants in United's declaratory judgment action.

¶ 19 "Where, as here, all of the relevant facts are before the court on one party's motion for summary judgment and denial of such motion effectively grants judgment to the non-movant, the trial court may enter final judgment for the non-movant even in the absence of a pleading specifically requesting such relief." *Fleisch v. First American Bank*, 305 Ill. App. 3d 105, 109 (1999). The circuit court found that matters presented to the court at the hearing on the motion for summary judgment established as a matter of law that United did not have a basis under which to deny coverage to defendants, effectively resolving the question of United's entitlement to summary judgment on its declaratory judgment action. "[O]ur review of a trial court's grant or denial of a motion for summary judgment is *de novo*." *American Country Insurance Co. v. James McHugh Construction Co.*, 244 Ill. App. 3d 960, 969 (2003).

¶ 20 When construing language of an insurance policy, we apply the same principles as when we construe the language of a contract. *Hobbs v. Hartford Insurance Co. of the Midwest*, 214 Ill. 2d 11, 17 (2005). Our primary goals are to determine the parties' intent in agreeing to the terms of the policy and to give effect to that intent, as expressed through the language of the policy. *Id*. In determining the parties' intent, we construe the policy as a whole and take into account the type of insurance provided and the purposes of the entire contract. *Crum & Forster Managers Corp. v. Resolution Trust Corp.*, 156 Ill. 2d 384, 391 (1993).

¶ 21 If the language of the policy is unambiguous, the policy is applied as written unless it contravenes public policy. *Hobbs*, 214 Ill. 2d at 17. Where a policy is ambiguous, an insurer's

liability will be liberally construed in favor of coverage. *Id*. A policy is ambiguous when it is susceptible to more than one reasonable interpretation. *Id*. We will not strain to find ambiguity where the policy contains none. *Id*. We review *de novo* provisions of an insurance policy. *Rein v. State Farm Mutual Automobile Insurance Co.*, 407 Ill. App. 3d 969, 972 (2011).

¶ 22    This case involves two provisions of United's uninsured motorist coverage: the limitations provision and the arbitration provision. According to the limitations provision, "[i]n no event shall suit, arbitration or appraisal be commenced against the [United] more than two years after the date of the accident."

¶ 23    The policy does not define "commence." However, this court recently noted that "[t]ypically, 'commence' means to 'begin, start, originate.' " *MemberSelect Insurance Co. v. Luz*, 2016 IL App (1st) 141947, ¶ 24 (quoting Webster's Third New International Dictionary 456 (1993)).

¶ 24    The arbitration provision in the policy at issue states:

"Upon the insured or [United] requesting arbitration, the insured and [United] shall each select an arbitrator and the two arbitrators so named shall select a third arbitrator. The three arbitrators so selected shall hear and determine the questions in dispute. If such arbitrators are not selected within 45 days from such request, either party may request that the arbitration be submitted to the American Arbitration Association."

¶ 25    United claims that to "commence" an arbitration, defendants were required to both request arbitration and select an arbitrator, as both a request and the selection of an arbitrator are mentioned in this provision. Defendants maintain that they only had to request arbitration to commence the action.

¶ 26    This court, in *MemberSelect*, 2016 IL App (1st) 141947, recently interpreted a similar provision in answering the question of how arbitration is "commenced." In that case, the arbitration provision stated that either party may demand, in writing, that the issues be determined by arbitration, and that in this event, "each party will select an arbitrator." *Id*. ¶ 27. The two arbitrators will then select a third, and if arbitrators are not selected within 45 days, either party may request that arbitration be submitted to the American Arbitration Association (AAA). *Id*.

¶ 27    The court stated that "[i]n interpreting this policy provision, we must be guided not by what the insurer intended but by what a reasonable person in the shoes of the insured would understand the policy to mean." (Internal citations omitted.) *Id*. ¶ 42. When viewed in that light, the court did "not believe that a reasonable person, reading this insurance policy provision, would understand that selection of an arbitrator is part of the 'commencement' of the arbitration." *Id*. ¶ 43.

¶ 28    The court's review of the policy language indicated that selecting an arbitrator was not a requirement at all because it contemplated that either party could submit the arbitration to the AAA if neither party selected an arbitrator within 45 days. "The insured could choose to select an arbitrator immediately upon the demand for arbitration, wait for an undefined amount of time before doing so – *or never do it*." (Emphasis in original.) *Id*. ¶ 44.

¶ 29    Similarly, here, the language in the provision at issue stated that upon requesting arbitration, each party shall select an arbitrator. If such arbitrators were not selected within 45 days, either party could request that the arbitration be submitted to the AAA. Like the policy in *MemberSelect*, the language indicates that the insured could choose to select an arbitrator immediately, wait for an undefined amount of time, or never do it. We fail to see how a reasonable person, reading this language, would consider "commencement" of an arbitration to include the

selection of an arbitrator, when the plain language of the provision contemplates that a selection of an arbitrator might never occur.

¶ 30    Moreover, we cannot say that the only reasonable interpretation of the provision at issue is that it imposes a mandatory duty on the insured for which the consequences of noncompliance are fatal. "If there is more than one reasonable interpretation of an insurance provision, we will choose the one that favors the insured over one that denies the insured a bargained-for contractual right." *Id*. ¶ 46. As we noted in *MemberSelect*, just because an insured did not aggressively pursue arbitration once it was commenced, by immediately selecting an arbitrator, that does not mean it was not commenced at all. "[A]n insurance company frustrated with an insured who failed to move swiftly has weapons at its disposal." *Id*. ¶ 48. Here, United could have selected its arbitrator, or could have requested it be filed with the AAA, as the policy permits.

¶ 31    United nevertheless maintains that two other cases, *Buchalo v. Country Mutual Insurance Co*., 83 Ill. App. 3d 1040 (1980) and *Rein*, 407 Ill. App. 3d 969, are more on point than *MemberSelect*, and that their holdings warrant reversal of this case.

¶ 32    In *Buchalo*, the uninsured motorist provision of the policy stated that, if the parties had a dispute regarding damages, " 'each party shall, upon written demand of the Insured or upon written demand of the [insurance] Company, select a competent and disinterested arbitrator.' " *Id*. at 1042. Nothing in that policy allows the insured up to 45 days or more to select an arbitrator, nor did it contemplate that the insured might never select an arbitrator. Rather, the language suggested that the mandatory duty of selecting an arbitrator was to be made contemporaneously with the demand itself.

¶ 33    In *Rein*, the arbitration language stated that, " 'if the insured requests arbitration, each party to the dispute shall select an arbitrator.' " 407 Ill. App. 3d at 974. There was no further language permitting or even contemplating the insured's failure to select an arbitrator.

¶ 34    Here, in contrast, the provision anticipates situations where neither party appoints an arbitrator, and as such, does not imply that failing to do so would have dire consequences.  Thus, while both *Buchalo* and *Rein* found that the selection of an arbitrator was a condition precedent to "commencing" the arbitration, it did so based on different language in different arbitration provisions. Accordingly, we find those two cases distinguishable.

¶ 35    Because defendants properly requested arbitration within two years of the accident, we find that nothing else was required of them to "commence" the arbitration. Accordingly, defendants were not time-barred from seeking arbitration, and the circuit court correctly found that United could not deny coverage based on the two-year limitation period.

¶ 36    As a final matter, we briefly address United's hit-and-run claim. It contends that under its policy, the insured must show that the vehicle had actual physical contact with an uninsured motorist or motor vehicle, and because there was no damage to the vehicle, there is no proof of contact and therefore no coverage. The "hit-and-run" provision of United's policy states that a hit-and-run vehicle is one "which hits or causes an object to hit the insured or an automobile the insured is occupying at the time of the accident which causes bodily harm to an insured," provided in part that: (1) the insured reported the accident to the police within 24 hours; and (2) "at the Company's request, the insured or his legal representative makes available for inspection the motor vehicle which the insured was occupying at the time of the accident."

¶ 37    Here, a police report was made mere moments after the accident. The police report indicates that Webb's vehicle was struck in the "rear" by a Ford Fusion. The report indicates that

Webb and a passenger were transported to the hospital in stable condition. Webb also alleged in her initial statement to United that her vehicle was rear-ended. There is no requirement in the policy of proof of damage to a vehicle when making a claim under the hit-and-run provision. Moreover, United had every right to request an inspection after it was made aware of the accident, but it did not. Webb was under no obligation to unilaterally produce the vehicle in connection with this claim, and United's argument of no coverage based on an alleged lack of damage to the vehicle is without merit.

¶ 38                                III. CONCLUSION

¶ 39    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 40    Affirmed.