2022 IL App (1st) 192120-U

No. 1-19-2120

January 25, 2022

Second Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| DAYTONA HOLDINGS, LLC, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| | ) | |
| v. | ) | No. 19 M6 6931 |
| | ) | |
| JOHN HOWARD IV, MICHELLE CLARK, | ) | |
| AND ANY AND ALL UNKNOWN | ) | |
| OCCUPANTS, | ) | Honorable |
| | ) | Michael B. Barrett, |
| Defendants-Appellants. | ) | Judge Presiding. |

JUSTICE HOWSE delivered the judgment of the court.
Presiding Justice Fitzgerald Smith and Justice Lavin concurred in the judgment.

ORDER

¶ 1     *Held*:  We dismiss the instant appeal for lack of jurisdiction as the record on appeal does not contain the order appealed from and does not establish that the order was final and appealable.

¶ 2     Defendants Michelle Clark and John Howard IV appeal *pro se* from the trial court's grant

of partial summary judgment to plaintiff Daytona Holdings, LLC. On appeal, defendants contend

that the trial court erred because plaintiff failed to appear at the hearing on its motion for partial summary judgment or present evidence against defendants. We dismiss.

¶ 3    The record on appeal does not contain a report of proceedings. The following facts are gleaned from the limited record on appeal, which includes plaintiff's complaint for possession of a rental property and motion for partial summary judgment; defendants' *pro se* response and motion to vacate the trial court's August 29, 2019, order granting plaintiff partial summary judgment and awarding possession; and the trial court's October 15, 2019, order denying the motion to vacate, ordering the Cook County Sheriff's Department to proceed with an eviction, and setting plaintiff's monetary claims and defendants' counterclaim for trial.

¶ 4    The record shows that on June 12, 2019, plaintiff filed a complaint against defendants for possession of 3727 216th Place in Matteson (the Matteson address), $10,059 in unpaid rent, and fees. Plaintiff attached a lease for the Matteson address, with a monthly rent of $2300 from September 8, 2018, to September 30, 2020, signed by both defendants.

¶ 5    On June 23, 2019, plaintiff filed a motion for partial summary judgment for possession and an eviction order, alleging that on May 28, 2019, defendants were served with a 10-day notice for failure to pay rent, and that as of June 12, 2019, defendants had not paid rent and continued to withhold possession. Attached were (1) an affidavit of plaintiff's managing member Donald MacNeil averring that defendant Howard was personally served with the 10-day notice on May 28, 2019, and that no rent had been paid since that date; (2) copies of the lease and the 10-day notice; and (3) a statement detailing the amount due.

¶ 6    On August 23, 2019, defendant Clark filed a *pro se* response alleging that plaintiffs filed the motion for partial summary judgment before defendants filed a response to the complaint, and

triable issues of fact existed. Then, on August 29, 2019, defendants filed a *pro se* counterclaim alleging that plaintiff permitted defendants to move into a rental unit "infested" with black mold and mice. Defendants sought $10,000 in damages.

¶ 7       The record does not contain the trial court's order on plaintiff's motion for partial summary judgment.[1] On September 9, 2019, however, defendant Clark filed a *pro se* motion for substitution of judge alleging that on August 29, 2019, the court granted plaintiff's motion for partial summary judgment and awarded possession without permitting defendants to prepare for trial or have a trial. The motion further alleged that when defendants appeared on August 29, 2019, for a status hearing and to file their counterclaim, the court "conspired" with plaintiff's attorney to violate defendants' right to due process. On September 24, 2019, the court denied the substitution motion.

¶ 8       On September 9, 2019, defendant Clark also filed a motion to vacate the August 29, 2019, judgment, alleging, *inter alia*, that defendants did not have the opportunity to file "motions, pleadings or [d]epositions in response to Plaintiff's complaint"; "no evidence was presented by [d]efendant or [p]laintiff"; and defendants were not afforded an opportunity to prepare for trial.

¶ 9       Following argument on October 15, 2019, the trial court denied the motion to vacate the order of possession entered on August 29, 2019, and ordered the Cook County Sheriff's Department to proceed with an eviction. It set plaintiff's unpaid rent claim and defendants' counterclaim for trial in November 2019.

---

[1] On March 24, 2021, this court ordered defendants to supplement the record on or before April 1, 2021, with a copy of the order appealed from. On April 26, 2021, we again ordered defendants to supplement the record within 14 days as it is "appellants' burden to provide a complete record for review of their claims." This court's records indicate that defendants have attempted to supplement the record, although not in compliance with court rules. See First District Local Rule 11 (adopted May 5, 2021) (setting forth the procedure to supplement the record); Ill. S. Ct. R. 329 (eff. July 1, 2017). On November 12, 2021, this court denied defendants' emergency motion for leave to supplement the record without prejudice as the proposed supplemental record was not in the queue.

¶ 10    Also on October 15, 2019, defendants filed a second *pro se* motion for substitution of judge alleging the same claims. That same day, defendants filed a *pro se* notice of appeal from the trial court's orders of (1) August 29, 2019, granting plaintiff's motion for partial summary judgment; (2) September 24, 2019, denying the motion for a substitution of judge; and (3) October 15, 2019, denying the motion to vacate.

¶ 11    On February 26, 2021, this court entered an order taking the case on defendants' *pro se* brief only. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

¶ 12    On appeal, defendants contend that the trial court erred in granting plaintiff's motion for partial summary judgment because plaintiff was not present in court and failed to present evidence, witnesses, or testimony. Defendants argue that they have the right to discovery and a jury trial.[2]

¶ 13    As a preliminary matter, we note that our review of defendants' appeal is hindered by their failure to fully comply with Illinois Supreme Court Rule 341 (eff. Oct. 1, 2020), which "governs the form and content of appellate briefs." *McCann v. Dart*, 2015 IL App (1st) 141291, ¶ 12. Although defendants are *pro se* litigants, this status does not lessen their burden on appeal. "In Illinois, parties choosing to represent themselves without a lawyer must comply with the same rules and are held to the same standards as licensed attorneys." *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 78. Rule 341(h) provides that an appellant's brief should contain a statement of "the facts necessary to an understanding of the case, stated accurately and fairly without argument

---

[2] To the extent that defendants also purport to appeal from the trial court's orders of September 24, 2019, denying the motion for a substitution of judge, and October 15, 2019, denying the motion to vacate, their brief on appeal does not argue these issues. Consequently, they are forfeited. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) ("[p]oints not argued are forfeited").

or comment, and with appropriate reference to the pages of the record on appeal" and an argument "which shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." Ill. S. Ct. R. 341(h)(6), (7) (eff. Oct. 1, 2020). Pursuant to the rule, a reviewing court is entitled to have issues clearly defined with "cohesive arguments" presented and pertinent authority cited. *Obert v. Saville*, 253 Ill. App. 3d 677, 682 (1993).

¶ 14 Here, defendants' brief provides no citations to the record and fails to articulate a legal argument which would allow a meaningful review of their claims. An appellant is required to cite to the pages of the record on appeal "so that we are able to assess whether the facts [the appellant] presents are accurate and a fair portrayal of the events in this case." *In re Marriage of Hluska*, 2011 IL App (1st) 092636, ¶ 58; see also Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). In the case at bar, defendants cite no pertinent legal authority on appeal, and their brief is a narrative of the circuit court proceedings from their perspective. See *People v. Hood*, 210 Ill. App. 3d 743, 746 (1991) ("A reviewing court is entitled to have the issues clearly defined with pertinent authority cited and is not simply a depository into which the appealing party may dump the burden of argument and research."). "Arguments that do not comply with Rule 341(h)(7) do not merit consideration on appeal and may be rejected by this court for that reason alone." *Wells Fargo Bank, N.A. v. Sanders*, 2015 IL App (1st) 141272, ¶ 43. Accordingly, to the extent that defendants' brief fails to comply with Supreme Court Rule 341(h)(7), their arguments are forfeited.

¶ 15 Considering the content of defendants' brief, it would be within our discretion to dismiss the instant appeal. See *Epstein v. Galuska*, 362 Ill. App. 3d 36, 42 (2005) ("Where an appellant's brief fails to comply with supreme court rules, this court has the inherent authority to dismiss the

appeal."). However, because the issues in this case are simple, we choose not to dismiss the appeal on that ground. See *Harvey v. Carponelli*, 117 Ill. App. 3d 448, 451 (1983). That said, the deficiencies in the record still prevent us from reaching this appeal on the merits.

¶ 16    Jurisdiction is a threshold issue which may be raised at any time, and this court has an independent duty to consider its jurisdiction and dismiss an appeal where jurisdiction is lacking. *In re Marriage of Salviola*, 2020 IL App (1st) 182185, ¶ 36. Absent a supreme court rule providing otherwise, our jurisdiction is limited to appeals from final judgments. *Blumenthal v. Brewer*, 2016 IL 118781, ¶ 22. A final judgment "decides the controversies between the parties on the merits and fixes their rights, so that, if the judgment is affirmed, nothing remains for the trial court to do but to proceed with its execution." (Internal quotation marks omitted.) *Steinbrecher v. Steinbrecher*, 197 Ill. 2d 514, 524 (2001). The appellant bears the burden of establishing jurisdiction. *Salviola*, 2020 IL App (1st) 182185, ¶ 36.

¶ 17    Illinois Supreme Court Rule 301 (eff. Feb 1, 1994) provides that "[e]very final judgment of a circuit court in a civil case is appealable as of right." This rule applies to appeals from cases in which the final order has disposed of the entire controversy between the parties. *In re Marriage of Sproat*, 357 Ill. App. 3d 880, 881 (2005).

¶ 18    Here, defendants challenge the trial court's August 29, 2019, order granting plaintiff's motion for partial summary judgment. However, that order is not included in the record on appeal. See *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984) ("an appellant has the burden to present a sufficiently complete record of the proceedings at trial to support a claim of error," and absent such record on appeal, "it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis"); see also *U.S. Bank National Ass'n v.*

*Miller*, 2020 IL App (1st) 191029, ¶ 35 ("In the absence of a record reflecting the reasons for the trial court's decision *** we must presume that the court's order conformed with the law and had a sufficient factual basis.").

¶ 19    Moreover, on October 15, 2019, the trial court set a November 2019 trial date for plaintiff's monetary claims and defendants' counterclaim. Thus, the August 29, 2019, order does not appear to be final and appealable, as both claims remained pending in the circuit court when defendants filed their notice of appeal on October 15, 2019. See *Smith v. Policemen's Annuity & Benefit Fund*, 391 Ill. App. 3d 542, 546 (2009) (order is final and appealable when it terminates litigation between parties on the merits and resolves all pending issues).

¶ 20    Pursuant to Illinois Supreme Court Rule 304:

"If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying either enforcement or appeal or both. * * * In the absence of such a finding, any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties." Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016).

¶ 21    Here, the record does not show that the trial court made a finding under Rule 304(a) when it granted the motion for partial summary judgment for possession on August 29, 2019, even though plaintiff's monetary claim remained pending. Nor did the court make a Rule 304(a) finding

when it denied defendant's motion to vacate that judgment on October 15, 2019, even though defendants' counterclaim and plaintiff's monetary claim remained pending.

¶ 22    The absence of such a finding from the record on appeal must be construed against defendants, who as appellants, have the burden to provide a complete record for review in the appellate court to support a claim of error. *Foutch*, 99 Ill. 2d at 391-92. Therefore, based on the record before this court, we lack jurisdiction to consider defendants' appeal. See *Willis v. United Equitable Insurance Co.*, 2017 IL App (1st) 162308, ¶ 3 (noting that the appellate court lacked jurisdiction where the trial court had not entered an order disposing of a counterclaim, but that a Rule 304(a) finding could confer jurisdiction); see also *Stasko v. City of Chicago*, 2013 IL App (1st) 120265, ¶ 28 (finding no jurisdiction where counterclaim remained pending and trial court did not make any findings pursuant to Rule 304(a)); *City of Champaign v. Madigan*, 2013 IL App (4th) 120662, ¶ 21 (finding no jurisdiction where trial court order left unresolved issues of attorney fees and a counterclaim and there was no formal finding under Rule 304(a)).

¶ 23    Moreover, although Rule 304(b) (eff. Mar. 8, 2016) provides several types of orders that are appealable absent a Rule 304(a) finding, defendants make no argument that the order appealed from falls under those provisions, and have therefore forfeited that argument on appeal. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) ("[p]oints not argued are forfeited"). Accordingly, based upon the record before us, we must dismiss the appeal.

¶ 24    Appeal dismissed.