[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 16, 2009
THOMAS K. KAHN
CLERK

No. 08-13821
Non-Argument Calendar

_____

D. C. Docket No. 07-00336-CR-CG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHAWN D. WASHINGTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(March 16, 2009)

Before HULL, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Shawn Washington appeals his conviction for possession with intent to

distribute cocaine, in violation of 21 U.S.C. § 841(a). On appeal, Washington

argues that the district court erred in denying his motion to suppress because it incorrectly found that he consented to a search of his car. After review, we affirm.

Officers arrested Washington after they saw him smoking a hand-rolled marijuana cigar. When Washington admitted owning a nearby Dodge Magnum, Agent Kevin Wright asked Washington if he could search the car. Washington responded, "That'd be fine if you have a key." Wright asked Washington where the key was, and Washington explained that his girlfriend had left with the keys and he did not know when she would return. Wright understood Washington's statement to give him permission to search the car if he could locate the key.

A minute later, Wright found a key to a Dodge vehicle on the ground nearby and used it to unlock Washington's car. In the center console, Wright found plastic bags of cocaine. Washington did not object to the search of his car until Wright told another agent to bring a camera because he had found some drugs. When Wright held up the bags, Washington said, "Hey, get out of my vehicle."

Washington moved to suppress the evidence found in the vehicle, arguing that the government had not shown he gave unequivocal consent to the search. After an evidentiary hearing, the district court denied Washington's motion to suppress. The district court credited Wright's testimony and found that it was reasonable for Wright to understand that Washington gave consent to search his

car upon condition that the officers found the key.[1] Thus, the district court found that Washington consented to the search of his car.

A search pursuant to voluntary consent does not violate the Fourth Amendment's prohibition on warrantless searches. Schneckloth v. Bustamonte, 412 U.S. 218, 219, 93 S. Ct. 2041, 2043-44 (1973); United States v. Garcia, 890 F.2d 355, 360 (11th Cir. 1989). Whether the defendant gave voluntary consent is a factual issue that turns on the totality of the circumstances. Schneckloth, 412 U.S. at 248-49, 93 S. Ct. at 2059. The government bears the burden of showing that consent was freely and voluntarily given. Id. at 222, 93 S. Ct. at 2045.

Washington does not argue that his consent was involuntary or that the vehicle search exceeded the scope of the consent. Rather, Washington argues that his statement to Wright – "That'd be fine if you have a key" – was equivocal and therefore did not constitute consent at all.

Under the facts established by the district court, which Washington does not challenge, Washington's consent was not equivocal, i.e., ambiguous or uncertain. The district court credited Agent Wright's testimony that he understood

---

[1]The district court discredited the testimony of Maurice Knight, who was present when Washington was arrested, that the officers asked Washington for the key, Washington told them he did not have it, the officers then found the key on the ground and, even though Washington objected, used it to unlock the car and conducted the search. On appeal, Washington does not challenge the district court's credibility findings.

Washington's statement to mean that, if Wright could obtain the key, he could search the vehicle. Given the considerable deference afforded district court credibility findings, we have no cause to question this finding. See United States v. Ramirez-Chilel, 289 F.3d 744, 749 (11th Cir. 2002) (explaining that we "must accept the evidence unless it is contrary to the laws of nature, or is so inconsistent or improbable on its face that no reasonable factfinder could accept it" (quotation marks omitted)). Washington's consent was conditional, not equivocal. The condition – obtaining a key to the car – was met when Wright found the key on the ground nearby. This interpretation of the circumstances surrounding the consent is reasonable. Further, the district court credited witnesses' testimony that Washington did not object until after the car had been searched and the drugs found. Under the totality of the circumstances, we conclude the district court did not err in finding that Washington consented to the search.[2]

**AFFIRMED.**

---

[2]United States v. Patacchia, 602 F.2d 218, 219 (9th Cir. 1979), relied upon by Washington, is factually distinguishable in that officers pried open the trunk after Patacchia stated that he did not have a key. Here, Washington expressly consented to a search if the officers could locate a key, which the officers then did. As the court in Patacchia noted, "The response, 'I would but I can't' is not the equivalent of 'Yes, you may open it if you can.'" Id. Patacchia represents the former situation, this case the latter.