# Illinois Official Reports

## Appellate Court

---

### *Willis v. United Equitable Insurance Co.*, 2017 IL App (1st) 162308

---

| | |
|---|---|
| Appellate Court Caption | VALENTINA WILLIS and KATHY DOBSON WILLIS, Plaintiffs-Appellees, v. UNITED EQUITABLE INSURANCE COMPANY, Defendant-Appellant. |
| District & No. | First District, First Division<br>Docket No. 1-16-2308 |
| Filed | June 29, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 12-L-12756; the Hon. Sophia H. Hall, Judge, presiding. |
| Judgment | Reversed and remanded. |
| Counsel on Appeal | Shelist Law Firm LLC, of Chicago (Samuel A. Shelist, of counsel), for appellant.<br><br>Fisher & LaMonica, P.C., of Chicago (Erron H. Fisher, of counsel), for appellee Valentina Willis.<br><br>Law Offices of Jordan B. Rifis, P.C., of Oak Park (Jordan B. Rifis, of counsel), for other appellee. |

JUSTICE HARRIS delivered the judgment of the court, with opinion.
Presiding Justice Connors concurred in the judgment and opinion.
Justice Mikva specially concurred, with opinion.


**OPINION**

¶ 1    Defendant, United Equitable Insurance Company (UEIC), appeals the order of the circuit court granting summary judgment in favor of plaintiffs, Valentina Willis and Kathy Dobson Willis, on their declaratory judgment claim seeking coverage under UEIC's policy. On appeal, UEIC contends that the court erred in granting summary judgment because the clear terms of the policy require plaintiffs to both unequivocally demand arbitration and appoint an arbitrator within two years of the accident, which plaintiffs did not do. For the following reasons, we reverse and remand for further proceedings.

¶ 2                                          JURISDICTION

¶ 3    The trial court granted summary judgment in favor of plaintiffs on February 20, 2015. UEIC filed a notice of appeal on March 3, 2015. On March 22, 2016, this court entered a summary order finding that we lacked jurisdiction to review an appeal where an order has not been entered dismissing or otherwise disposing of UEIC's counterclaim. *Willis v. United Equitable Insurance Co.*, 2016 IL App (1st) 150654-U, ¶ 8. Thereafter, UEIC filed a motion for a finding pursuant to Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016), and the trial court entered an order with the requested Rule 304(a) language on August 19, 2016. UEIC filed a notice of appeal on August 24, 2016. Accordingly, this court has jurisdiction pursuant to Illinois Supreme Court Rule 303 (eff. May 30, 2008) and Rule 304(a) (eff. Mar. 8, 2016) governing appeals from final judgments entered below.

¶ 4                                          BACKGROUND

¶ 5    The following facts are relevant to the determination in this appeal. On August 5, 2008, Valentina's vehicle was involved in an accident with a stolen rental car from Hertz. Kathy was a passenger in Valentina's car when the accident occurred. At the time, Valentina's vehicle was insured through a policy issued by UEIC. Hertz denied coverage since its car had been stolen, so Valentina sought coverage under the uninsured motorist provision of her UEIC policy.

¶ 6    The policy's uninsured motorist coverage contains an arbitration clause stating that if "any person making claim hereunder" and UEIC "do not agree that both the vehicle(s) and the driver(s) of the vehicles [involved in the accident] were not covered by liability insurance at the time of the accident, or do not agree that [the insured] is legally entitled to recover damages from the owner or operator of an uninsured motor vehicle, *** or do not agree as to the amount payable hereunder, then these matters shall be submitted to arbitration." The arbitration clause further provides:

> "Any dispute with respect to the coverage and the amount of damages shall be submitted for arbitration to the American Arbitration Association and be subject to its rules for the conduct of arbitration hearings as to all matters except medical opinions.

Alternatively, such disputes shall be determined in the following manner: Upon the Insured or the Company requesting arbitration, the insured and the Company shall each select an arbitrator and the two arbitrators so named shall select a third arbitrator. *** If such arbitrators are not selected within 45 days from such request, either party may request that the arbitration be submitted to the American Arbitration Association."

The UEIC policy also provides that "[i]n no event shall suit, arbitration or appraisal be commenced against the Company more than two years after the date of accident."

¶ 7    On August 26, 2009, Valentina's attorney, Jordan Rifis, sent a letter to Ray Aviles at UEIC stating that Valentina would seek "compensation under the uninsured motorist provision" of her UEIC policy. The third paragraph of the letter stated that "[w]e hereby make *demand for arbitration* if this claim is not resolved within two years after the accident." (Emphasis in original.) On September 11, 2009, Mr. Rifis sent another letter explaining that Hertz "is denying coverage since the person who rented their automobile and who was the only one authorized to drive their automobile was not the driver of the automobile at the time of the accident." The letter renewed the claim for uninsured motorist coverage under the policy and stated that "[w]e hereby make *demand for arbitration* if this claim is not resolved within one year after the accident." (Emphasis in original.)

¶ 8    On February 14, 2011, Mr. Rifis sent a letter stating that he had sent Valentina's medical bills and records to UEIC on December 30, 2010, and also "made a demand for arbitration under her policy." The letter further stated that "[s]ince Ms. Willis' uninsured motorist claim is still not resolved, I renew my request for arbitration." On September 18, 2012, Mr. Rifis filed a claim with the American Arbitration Association (AAA) requesting arbitration in the matter. UEIC rejected Valentina's uninsured motorist claim on September 25, 2012.

¶ 9    On November 9, 2012, Valentina filed a complaint against UEIC alleging breach of contract in bad faith. Kathy filed a motion to intervene as plaintiff, which the trial court allowed, and she filed her complaint on January 10, 2013, also alleging breach of contract in bad faith. Valentina subsequently changed counsel and amended her complaint. In her final amended complaint, she and her attorneys (1) alleged bad faith under section 155 of the Illinois Insurance Code (215 ILCS 5/155 (West 2012)), (2) requested a declaratory judgment that the UEIC policy "is in force" and "ordering this matter to uninsured motorist arbitration," and (3) alternatively pled professional negligence on the part of Mr. Rifis for failure to select and/or name an arbitrator in writing within two years after the accident. Mr. Rifis, however, still represented Kathy, who filed an amended complaint alleging (1) breach of contract and (2) bad faith under section 155 of the Illinois Insurance Code (215 ILCS 5/155 (West 2012)). UEIC filed motions to dismiss, which the trial court denied. The May 21, 2014, order denying the motions to dismiss noted that Valentina "voluntary dismisses" and "non-suits" the professional negligence and malpractice claim in count III of her amended complaint.

¶ 10   On May 28, 2014, UEIC filed a counterclaim seeking a declaration that its policy provides no coverage for plaintiffs' claims because they "did not commence arbitration within 2 years of accident" and did not "select an Arbitrator and demand arbitration" within that time frame. Valentina and Kathy filed motions for summary judgment, both requesting the trial court to grant judgment in their favor as to count II and to compel arbitration. On February 2, 2015, the trial court granted summary judgment in favor of Valentina and Kathy, finding that "the activities of the attorney in the letters regarding the request for arbitration satisfy commencing and, accordingly, it's appropriate to have arbitration." It further found that the selection of the

- 3 -

arbitrator "is not subject to a time limit in the provisions of the policy" once the demand for arbitration had been properly made. UEIC filed a notice of appeal on March 3, 2015.

¶ 11    On appeal, this court determined that we lacked jurisdiction because the trial court's order did not explicitly make a determination on UEIC's counterclaim; therefore the order entered on February 2, 2015, was not a final and appealable order. The case was returned to the trial court, and UEIC filed a motion for a Rule 304(a) finding and to continue to stay arbitration proceedings pending resolution of the declaratory claims. The trial court granted the motion and found, pursuant to Rule 304(a), that "there is no cause to delay appeal" and that the order was "final and appealable." UEIC filed this timely appeal.

¶ 12                                            ANALYSIS

¶ 13    The trial court considered and granted summary judgment in favor of Valentina and Kathy only as to count II of their complaints, finding that the letters sent to UEIC on August 26, 2009, and September 11, 2009, sufficiently requested arbitration pursuant to the terms of the policy. Summary judgment is proper where the pleadings, depositions, and admissions on file, along with affidavits, if any, show that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Arangold Corp. v. Zehnder*, 204 Ill. 2d 142, 146 (2003). Here, we must construe the terms of UEIC's policy, and we apply the same principles as we would apply when construing the language of a contract. *Hobbs v. Hartford Insurance Co. of the Midwest*, 214 Ill. 2d 11, 17 (2005). Therefore, our main objective is to discern the intent of the parties as expressed by the clear and plain terms of the policy and give effect to that intent. *Id.* If the terms of the policy are unambiguous, they will be applied as written unless such application contravenes public policy. *Id.* "Although policy terms that limit an insurer's liability will be liberally construed in favor of coverage, this rule of construction only comes into play when the policy is ambiguous." *Id.* We review *de novo* both the trial court's interpretation of an insurance policy and its grant of summary judgment. *Rein v. State Farm Mutual Auto Insurance Co.*, 407 Ill. App. 3d 969, 972 (2011).

¶ 14    The arbitration provision in the UEIC policy states that disagreements concerning uninsured motorist coverage and damages "shall be submitted to arbitration." The provision sets forth two ways in which the issue can be "submitted to arbitration." First, it states that coverage and damages disputes "shall be submitted for arbitration to the American Arbitration Association." The policy also provides that, "[a]lternatively, such disputes shall be determined in the following manner: Upon the Insured or Company requesting arbitration," the parties each select an arbitrator, and the arbitrators named shall select a third arbitrator. "If such arbitrators are not selected within 45 days from such request, either party may request that the arbitration be submitted to the American Arbitration Association." Furthermore, pursuant to the terms of the policy, arbitration must commence within two years of the date of the accident.

¶ 15    Here, Valentina submitted her claim for arbitration with the AAA on September 18, 2012, more than two years after August 5, 2008, the date of the accident. Therefore, in order for the arbitration clause to apply, the August 26, 2009, or September 11, 2009, letters must have sufficiently "request[ed] arbitration" as set forth under the alternative method for submission of arbitration claims. On this issue, we find *Buchalo v. Country Mutual Insurance Co.*, 83 Ill. App. 3d 1040, 1042 (1980), and *MemberSelect Insurance Co. v. Luz*, 2016 IL App (1st) 141947, instructive.

¶ 16    In *Buchalo,* the arbitration clause provided that " 'each party shall, upon written demand of the Insured or upon written demand of the Company, select a competent and disinterested arbitrator.' " *Buchalo*, 83 Ill. App. 3d at 1042. The policy at issue also stated that arbitration must commence within two years " 'after the occurrence of the loss.' " *Id.* The insured's counsel sent a letter to the defendant on July 10, 1976, less than four months after the March 27, 1976, accident, stating that he believed " 'the best thing to do with respect to this case is to arbitrate. I will, in the future, forward you the name of our arbitrator.' " *Id.* at 1043. The letter also stated that " '[a]s long as we can negotiate his file with the view of settlement, I believe that my demand stated in this letter will comply with your policy requirements.' " *Id.* On May 8, 1978, more than two years after the accident, counsel sent a letter stating that " 'I herein demand arbitration on the matter and in further answer thereof, select as my arbitrator, Sheldon R. Brenner.' " *Id.* at 1044. This court found that the unambiguous terms of the policy required a written demand for arbitration and that the July 10, 1976, letter "did not constitute such a demand." *Id.* at 1045. The letter was "at best a statement of opinion by plaintiff's former counsel" regarding arbitration rather than "an unequivocal demand for arbitration." *Id.*

¶ 17    In *MemberSelect*, the arbitration clause stated that

> " 'Either party may demand, in writing, that the issues, excluding matters of coverage [*sic*]. In this event, each party will select an arbitrator. The two arbitrators will select a third. If such arbitrators are not selected within 45 days, either party may request that the arbitration be submitted to the American Arbitration Association.' " *MemberSelect*, 2016 IL App (1st) 141947, ¶ 5.

The policy also contained a provision stating that any arbitration " 'will be barred unless commenced within three years after the date of the accident.' " *Id.*

¶ 18    On September 4, 2007, less than two months after the accident, defendant's attorney sent a letter to MemberSelect notifying them of defendant's underinsured motorist and medical payments claim. *Id.* ¶ 6. The letter concluded by stating that defendant " '*Requests Arbitration of the Underinsured Motorist Claim.*' " (Emphasis added.) *Id.* MemberSelect argued that the letter was insufficient because it requested, rather than demanded, arbitration and it did not select an arbitrator. *Id.* ¶ 15. The trial court granted MemberSelect's motion for summary judgment, finding that the policy required a demand for arbitration and that merely requesting arbitration was insufficient. The court also found that the policy required defendant to name an arbitrator. *Id.* ¶ 16.

¶ 19    On appeal, this court disagreed, finding that the letter's request for arbitration was sufficient under the policy. *Id.* ¶ 38. We reasoned that the policy did not require the use of the word "demand" and that "when a request is made for something that is one's contractual right, the difference between a 'request' and a 'demand' is semantic." *Id.* ¶¶ 32-33. We therefore determined that defendant in his letter requesting arbitration made "an unequivocal demand for arbitration." *Id.* ¶ 38. We found *Buchalo* distinguishable because the letter in that case stated only that counsel "believe[d] the best thing to do with respect to this case is to arbitrate" which showed "at best a statement of opinion" rather than "an unequivocal demand for arbitration." (Internal quotation marks omitted.) *Id.* ¶ 36 (quoting *Buchalo*, 83 Ill. App. 3d at 1043-45). We also found that the selection of an arbitrator "was not mandatory" and therefore "not necessary to 'commence' the arbitration under the limitations provision in the insurance policy." *Id.* ¶¶ 52-53.

¶ 20    Thus, pursuant to *Buchalo* and *MemberSelect*, a party sufficiently commences arbitration if their request or demand for arbitration is unequivocal and is made according to the terms of the policy within the limitations period set forth therein. Our initial determination, then, is whether Valentina made an unequivocal request or demand for arbitration. The August 26, 2009, letter stated that Valentina would seek "compensation under the uninsured motorist provision" of her UEIC policy and that "[w]e hereby make *demand for arbitration* if this claim is not resolved within two years after the accident." (Emphasis in original.) The September 11, 2009, letter renewed her claim for uninsured motorist coverage under the policy and stated that "[w]e hereby make *demand for arbitration* if this claim is not resolved within one year after the accident." (Emphasis in original.)

¶ 21    As Valentina acknowledged in her brief on appeal, the arbitration demand in these letters was a contingent demand—contingent on her claim not being settled within one or two years. A contingent demand, by definition, is not unequivocal. Similar to the arbitration request in *Buchalo*, the focus of the request in these letters is on resolving Valentina's claim rather than demanding arbitration. Although a letter sent on December 30, 2010, renewed her request for arbitration since her "uninsured motorist claim is still not resolved," and Mr. Rifis filed a claim on September 18, 2012, with the AAA requesting arbitration, these requests occurred more than two years after the accident. Therefore, we find that since Valentina did not unequivocally request arbitration within two years of the accident, arbitration was not commenced as required under UEIC's policy.

¶ 22    Due to our determination in this appeal, we need not consider UEIC's argument that their policy also requires a party to select an arbitrator within two years of the accident in order to sufficiently commence arbitration.

¶ 23    For the foregoing reasons, the judgment of the circuit court granting summary judgment in favor of plaintiffs on count II of their complaint is reversed and the cause is remanded for further proceedings.

¶ 24    Reversed and remanded.

¶ 25    JUSTICE MIKVA, specially concurring.

¶ 26    Although I concur in the result reached in this case, I do not join the court's opinion for the reasons that follow.

¶ 27    As the court recognizes, where, as here, the word "commence" is not otherwise defined in a policy of insurance, an insured "sufficiently commences arbitration" against an insurance company on an uninsured motorist claim by making a "request or demand for arbitration [that] is unequivocal and is made according to the terms of the policy within the limitations period set forth therein." *Supra* ¶ 20. This is what we said in *MemberSelect Insurance Co. v. Luz*, 2016 IL App (1st) 141947, ¶ 28, where we recognized that "[t]he formal demand is the mechanism by which the insured formally informs the insurance company of his or her desire to exercise the contractual right to arbitration. The demand is the functional equivalent of the complaint in a civil action."

¶ 28    I agree with the court's ruling in this case, that the circuit court's grant of summary judgment in favor of the plaintiffs was erroneous, because, taken together, the letters Mr. Rifis sent to UEIC on August 26, 2009, and September 11, 2009, did not constitute an unequivocal

request or demand for arbitration made within the two year time period that the policy required. The August 26 letter, sent approximately one year after the accident, made a conditional demand for arbitration "if this claim is not resolved within two years after the accident." Just over two weeks later, however, counsel sent a second letter, with a different conditional demand: "[w]e hereby make demand for arbitration if this claim is not resolved within *one* year after the accident." (Emphasis added.) This second letter failed to indicate whether it was meant to replace the initial demand and, more confusingly, failed to acknowledge that the condition stated—a year passing after the accident without resolution—had already been satisfied. Under these circumstances, the two timely demands made by Mr. Rifis were confusing and unclear, rather than unequivocal. See Black's Law Dictionary (10th ed. 2014) (defining "unequivocal" as "[u]nambiguous; clear; free from uncertainty").

¶ 29    However, I respectfully disagree with the court's unsupported statement that "[a] contingent demand, by definition, is not unequivocal." *Supra* ¶ 21. Simply because a demand is made "[s]ubject to or dependent on a condition" (Black's Law Dictionary (10th ed. 2014) (defining "conditional")) does not necessarily mean that it is "[o]f doubtful character[,] questionable," has "more than one meaning," or is otherwise "ambiguous" (Black's Law Dictionary (10th ed. 2014) (defining "equivocal")).

¶ 30    Our supreme court acknowledged long ago that a promise "may be an absolute or a conditional promise" and still be unequivocal. (Internal quotation marks omitted.) *St. John v. Stephenson*, 90 Ill. 82, 83 (1878) (applying the rule that a debt discharged in bankruptcy may only be revived by a clear, distinct, and unequivocal promise). Certain general rules of contract law align with this view. Although a contract will not fail for want of consideration merely because it involves a conditional promise, even when that condition is not certain to occur (*Wilson v. Continental Body Corp.*, 93 Ill. App. 3d 966, 970 (1981)), terms that "are so uncertain or equivocal *** that the intention of the parties *** cannot be determined" *will* render an agreement unenforceable (internal quotation marks omitted) (*Sweeting v. Campbell*, 8 Ill. 2d 54, 57-58 (1956)).

¶ 31    In various contexts, federal courts have also distinguished between statements that are conditional and ones that are equivocal. The Ninth Circuit, for example, has held that a criminal defendant's request to waive his right to counsel and proceed *pro se* was not equivocal simply because it was a conditional request. See *Adams v. Carroll*, 875 F.2d 1441, 1445 (9th Cir. 1989) ("Throughout the period before trial, [the defendant] repeatedly indicated his desire to represent himself if the only alternative was the appointment of [a particular defense attorney]. While his requests no doubt were *conditional*, they were not equivocal." (Emphasis in original.)). In another case, that court likewise held that a criminal defendant's request for legal representation, but only if he was considered a suspect, was conditional but not equivocal. *Smith v. Endell*, 860 F.2d 1528, 1531-32 (9th Cir. 1988) ("[The defendant]'s initial request was clear enough: if the troopers regarded him as a suspect in the murder *** he wanted an attorney. The request was not ambiguous ***. *** [T]here was no 'might' or 'maybe' or 'perhaps.' "). In unpublished decisions, the Sixth and Eleventh Circuits, respectively, have also held that the sentence imposed in a criminal case and the consent given by a party to search a vehicle may be conditional without being equivocal. See *United States v. Jackson*, 434 F. App'x 483, 485 (6th Cir. 2011); *United States v. Washington*, 319 F. App'x 781, 782 (11th Cir. 2009).

¶ 32    Here, the request made in Mr. Rifis's initial letter dated August 26, 2009, although conditional, was indeed unequivocal. It unambiguously put UEIC on notice that the injured party seeking coverage wished to arbitrate if the matter could not be resolved by a specified date, at which point it would be apparent to all concerned whether that condition was satisfied. This initial letter triggered arbitration through an unequivocal demand, while at the same time giving the insured and the insurer time to attempt to resolve the claim. I agree with the court that Mr. Rifis's next letter to UEIC created confusion and ambiguity, negating the unequivocal demand that he had previously made. However, by equating equivocal with conditional, the court suggests that an insured cannot demand arbitration while, at the same time, expressing a willingness to discuss settlement—essentially postponing arbitration until the last date on which the policy provides that arbitration may begin. The court's analysis could both discourage the voluntary settlement of uninsured motorist claims and result in the loss of an insured's right to coverage in cases where it is crystal clear to the insurer that the insured is willing to arbitrate a claim. For this reason, I respectfully choose not to join the court's opinion.